DANIEL J. BRODERICK, #89424
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
BILLY RAY MAULDIN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. Cr. F 04-5252 OWW |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| ) | |
| v. ) | |
| ) | |
| BILLY RAY MAULDIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

On February 28, 2008, Mr. Mauldin filed a motion to reduce his sentence from 63 months to 51 months pursuant to the Sentencing Commission's recent reduction in crack cocaine penalties. On April 14, 2008, the government filed a response contending that the guideline reduction does not benefit Mr. Mauldin. Mr. Mauldin filed a reply on June 3, 2008. On June 9, 2008, the matter came on for hearing, Assistant U.S. Attorney Dawrence Rice appearing for the government and Assistant Federal David M. Porter appearing for Mr. Mauldin. For the reasons set forth below, the court grants the motion and will resentence Mr. Mauldin to an aggregate term of 51 months on each count, to be served concurrently.

/ / /

1    Mr. Mauldin was charged in the indictment with four counts of
2 distributing crack cocaine and one count of being a felon in possession
3 of a firearm.  Mr. Mauldin pled guilty to one count of distributing
4 crack cocaine and one count of possessing a firearm as a former felon.
5 According to the presentence report, the facts underlying the offenses
6 are as follows:

> On June 26, 2004, the CI was directed to call **Mauldin**
> and confirm the dollar amount to purchase a shotgun and
> drugs.  The negotiations resulted in $100 for the rock
> cocaine, $180 for the shotgun, and $50 for **Mauldin** for
> setting up the shotgun deal.  **Mauldin** told the CI to drive to
> the park and pick him (**Mauldin**) up.  The CI met with **Mauldin**
> at the park.  They had a brief conversation, **Mauldin** got into
> the CI's vehicle, and they drove to a liquor store parking
> lot.  **Mauldin** got out of the vehicle and went to the
> residence across the street.  Once **Mauldin** returned, the CI
> learned the individual who had the shotgun was out driving
> around.  A short time later they went back to the residence
> and the CI was instructed to drive around to the back of the
> residence and park in the alley.  **Mauldin** was observed
> walking into the alley with a long object which appeared to
> be made of bamboo.  **Mauldin** instructed the CI to put the
> shotgun in the trunk.  The CI and **Mauldin** left the alley and
> pulled into the rear of a community center where the drug
> transaction took place.

PSR ¶ 6.

Mr. Mauldin's total offense level was 19, calculated as follows:

Base offense level for drug count (2D1.1(c)(1))):         20

Base offense level for gun count (2K2.1(a)(4)(A)):        20

Increase under multiple-count adjustment rule (3D1.4)     +2

Decrease for acceptance of responsibility                 -3

At criminal history category VI, Mr. Mauldin's applicable guideline range was 63 to 78 months  On October 2, 2005, the court sentenced Mr. Mauldin to 63 months on each of counts 3 and 5, to be served concurrently for a total term of 63 months.

At the time of initial sentencing, neither of the parties nor the

ORDER REDUCING SENTENCE
-2-

court focused on the question of whether Mr. Maudlin's drug offense level should have been increased two levels pursuant to USSG § 2D1.1(b) on the ground that he possessed a weapon because if the increase had been imposed, the total offense level would have remained 19 because there would have been no increase under the multiple-count adjustment rule. *See* USSG § 3D1.2(c) (counts will be grouped "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts").

It is beyond question that Mr. Mauldin possessed the firearm. An application note to USSG § 2D1.1 explains that in such circumstances, the two-level increase to the base offense level is appropriate, "unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n. 3). Ninth Circuit authority explains that "the burden is on the defendant to show that the exception applies to him." *United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir. 1989). Mr. Mauldin has never attempted to shoulder this burden and, in light of the facts as set forth in the presentence report, to which no objection was interposed, the court concludes that the two-level increase to the base offense level for the drug count pursuant to USSG § 2D1.1(b) is appropriate. *See United States v. Castillo*, 979 F.2d 8 (1st Cir. 1992) (affirming gun bump where defendant sold cocaine and weapon to undercover agent); *see also United States v. Heldberg*, 907 F.2d 91 (9th Cir. 1991) (affirming gun bump where weapon was locked in trunk).

Mr. Mauldin is therefore eligible for resentencing under USSG § 1B1.10, which provides, in pertinent part, that the court may reduce

ORDER REDUCING SENTENCE

the term of imprisonment when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)." The new total offense level is 17, and the newly applicable guideline range is 51 to 63 months. In light of Mr. Mauldin's positive prison record, the court finds, just as it did at the initial sentencing, that a sentence at the low end of the range is sufficient but not greater than necessary to achieve the statutory goal of just punishment.

Accordingly, the court resentences Mr. Mauldin to 51 months on each of counts 3 and 5, to be served concurrently for a total sentence of 51 months. All other terms and conditions of the original judgment shall remain in force. Unless otherwise ordered, Mr. Mauldin shall report to the United States Probation Office closest to the release destination within seventy-two hours.

Approved as to form:             /s/ *Dawrence Rice*
                                 Assistant United States Attorney

IT IS SO ORDERED.

**Dated:   June 16, 2008**             /s/ Oliver W. Wanger
                                 UNITED STATES DISTRICT JUDGE

ORDER REDUCING SENTENCE
-4-